IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELISSA L. CETAK, | |
| Plaintiff, | 8:15-CV-431 |
| vs. | MEMORANDUM AND ORDER |
| NATIONAL CREDIT ADJUSTERS, LLC, | |
| Defendant. | |

This matter is before the Court on the plaintiff's motion for default judgment (filing 8). The Court finds that the plaintiff has stated a claim for relief under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* (EFTA), but not under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). The Court will give the plaintiff an opportunity to support her FDCPA claim.

## BACKGROUND

The plaintiff, Melissa Cetak, defaulted on a debt that was transferred to defendant National Credit Adjusters for collection. Filing 1 at 2. The defendant contacted the plaintiff and obtained her personal financial account information in order to initiate a series of electronic fund transfers aimed at satisfying the debt. Filing 1 at 3. But the defendant failed to obtain written authorization from the plaintiff for electronic fund transfers, and therefore could not provide her with a written copy of such an authorization. Filing 1 at 3. Nonetheless, the defendant made several electronic fund transfers from the plaintiff's bank account between May 1 and August 31, 2015. Filing 1 at 3.

The plaintiff sued the defendant for violation of the EFTA and FDCPA. Filing 1. Service was had on the defendant's registered agent. Filing 5. On the plaintiff's motion, the Clerk of the Court entered the defendant's default. The present motion for default judgment followed. Filing 8.

## DISCUSSION

When a default judgment is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged facts

constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* Therefore, it is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. And then, even though the allegations of the plaintiff's complaint are admitted, *see id.*, it is still necessary for the Court to determine the plaintiff's damages based upon the evidence. *See,* Fed. R. Civ. P. 55(b)(2)(B); *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

So, the task for the Court is, first, to consider the allegations of the complaint to ensure that the plaintiff has stated a legitimate cause of action with respect to each of her claims for relief. Then, the Court must consider whether the plaintiff's damages can be determined based on the evidence that has been presented in support of its motion.

ELECTRONIC FUND TRANSFER ACT

The EFTA provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." § 1693e. An electronic fund transfer is

> any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone.

§ 1693a(7). And a "preauthorized electronic fund transfer" is an electronic fund transfer "authorized in advance to recur at substantially regular intervals[.]" § 1693a(10). Any person who fails to comply with the EFTA's requirements with respect to any consumer is liable for the consumer's actual damage and statutory damages of $100 to $1000, in addition to costs and attorney's fees. § 1693m(a).

The Court finds the plaintiff's allegations sufficient to state a claim for relief under the EFTA. She specifically alleged the defendant's failure to obtain her written authorization, or to provide her with a copy of her written authorization, for preauthorized electronic fund transfers. *See* filing 1 at 2-3. The Court has given some consideration to whether the plaintiff sufficiently alleged a *preauthorized* electronic fund transfer, which requires a recurring payment schedule. *See, e.g., In re DirecTV Early Cancellation Litigation,* 738

- 2 -

F. Supp. 2d 1062, 1091 (C.D. Cal. 2010); *see also Gillette v. Gaming Entm't,* No. 1:15-CV-1040, 2016 WL 4919992, at *4 (S.D. Ind. Sept. 14, 2016). But the plaintiff alleged that the purpose of obtaining her account information was to "initiate a series of electronic funds transfers" and that multiple transfers were made. Filing 1 at 3. This, the Court concludes, was sufficient. *See Coover v. Immediate Credit Recovery, Inc.,* No. 2:14-CV-395, 2014 WL 5823166, at *5 (M.D. Fla. Nov. 10, 2014).

As noted above, the EFTA authorizes statutory damages, and costs and attorney's fees, to a successful plaintiff. § 1693m(a). The Court finds, in the absence of any mitigating evidence or argument from the defendant, that the plaintiff's request for statutory damages of $1,000 is appropriate. The Court has also reviewed the plaintiff's evidence of costs and attorney's fees, and finds that the amounts sought are fair and reasonable. *See, Blum v. Stenson,* 465 U.S. 886, 889 (1984); *Shrader v. OMC Aluminum Boat Grp., Inc.,* 128 F.3d 1218, 1220 (8th Cir. 1997). The Court will award costs and attorney fees in the amount of $4,045.50.[1] *See* filing 10-1.

FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. Nor may a debt collector "use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. But the plaintiff's allegations do not establish anything "false, deceptive, or misleading" or "unfair or unconscionable."

The plaintiff's complaint directs the Court's attention to some specific provisions of §§ 1692e and 1692f. Filing 1 at 3; *see* also filing 9 at 4. It is, to begin with, unlawful for a debt collector to make a "threat to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(5). But the plaintiff alleges no threat, nor any action that *could* not legally be taken. (The defendant *could* have lawfully arranged for electronic fund transfers, even if it failed to obtain the necessary authorization in this case.) The complaint does not allege the sort of empty threat that § 1692e(5) is intended to proscribe. *Compare Berndt v. Fairfield Resorts, Inc.,* 337 F. Supp. 2d 1120, 1131-32 (W.D. Wis. 2004).[2] Nor does the plaintiff allege a "false representation or deceptive means" within the meaning of § 1692e(10).

---

[1] The Court notes that even if the plaintiff's FDCPA claim is ultimately dismissed, the amount of costs and attorney's fees would remain the same: although some of those expenses may be attributable to the FDCPA claim, the two claims were legally and factually intertwined so as to warrant awarding the full amount.

[2] The Court is aware of the Eighth Circuit's decision in *Volden v. Innovative Fin. Sys., Inc.,* 440 F.3d 947, 954-55 (8th Cir. 2006), but finds *Volden* to be clearly distinguishable, insofar

The closest the plaintiff comes is the provision barring "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1). But the Court is persuaded by the weight of authority holding that the focus of § 1692f(1) "is on the amount of the debt to be collected, rather than the collector's authorization to collect any debt, whatever its amount." *Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1415-16 (D. Conn. 1990); *see*, *Michael v. HOVG, LLC*, No. 16-CV-62651, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017); *Marcotte v. Bank of Am.*, No. 4:14-CV-2773, 2015 WL 2184369, at *14 (S.D. Tex. May 11, 2015); *Thompson v. CACH, LLC*, No. 14-CV-313, 2014 WL 5420137, at *6 (N.D. Ill. Oct. 24, 2014); *Wilson v. Asset Acceptance, LLC*, 864 F. Supp. 2d 642, 645 (E.D. Ky. 2012); *Chulsky v. Hudson Law Offices, P.C.*, 777 F. Supp. 2d 823, 832 (D.N.J. 2011); *McCorriston v. L.W.T., Inc.*, No. 8:07-CV-160, 2008 WL 3243865, at *7 (M.D. Fla. Aug. 7, 2008); *Taylor v. Midland Credit Mgmt., Inc.*, No. 1:07-CV-582, 2008 WL 544548, at *4 (W.D. Mich. Feb. 26, 2008); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991). The plaintiff does not allege that the defendant collected an amount greater than was actually owed, and as a result has not stated a claim for relief under § 1692f(1).

In sum, the Court finds that the plaintiff's allegations, even when admitted, do not allege a "false, deceptive, or misleading misrepresentation or means" or "unfair or unconscionable means" within the meaning of the FDCPA. But, because this is the first notice that the plaintiff has been given that her allegations may be insufficient, the Court will provide her with an opportunity to remedy the deficiency. The Court will direct the plaintiff to show cause, by providing supplemental evidence or argument, why her FDCPA claim should not be dismissed. In the absence of such a showing, the Court will enter a default judgment in the amount of $5,045.50 on the plaintiff's EFTA claim, and dismiss her FDCPA claim without prejudice.

IT IS ORDERED:

1.    The plaintiff shall show cause on or before May 1, 2017, why her FDCPA claim should not be dismissed.

2.    Absent a showing of good cause, the Court shall dismiss the plaintiff's FDCPA claim and enter default judgment on her EFTA claim, as set forth in this memorandum and order.

---

as *Volden* involved a notice sent to a consumer who had written dishonored checks: it was clearly a "threat" to take unilateral action to collect the debt.

3.    The Clerk of the Court shall set a show cause deadline of
      May 1, 2017.

Dated this 4th day of April, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge